### STATE OF CONNECTICUT *v.* JUDY COOLEY
### (2009)

DUPONT, C.P.J., SPALLONE and DALY, Js.

Argued November 13, 1984—decision released March 26, 1985

*Laura A. Cahill,* certified legal intern, and *Joette Katz,* assistant public defender, with whom, on the brief, was *Kenneth Rosenthal,* assistant public defender, for the appellant (defendant).

*John H. Malone,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Jeffrey L. Kline,* assistant state's attorney, for the appellee (state).

DUPONT, C.P.J. The trial court, after a hearing pursuant to General Statutes § 53a-32, found the defendant in violation of one of the conditions of her probation and rendered judgment imposing the defendant's original sentence of sixty days imprisonment, which had been suspended. The defendant appeals,[1] claiming a violation of her due process rights under the fourteenth amendment to the United States constitution and an abuse of the court's discretion.

The defendant, after a jury trial, was found guilty of breach of the peace, a violation of General Statutes § 53a-181. The offense arose from a conflict between the defendant and her ex-husband's present wife. The condition of probation here involved was that the defendant receive "some type of therapeutic or psychiatric counseling . . . if recommended by the probation officer."[2] This condition was imposed on the date

---

[1] The appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c). The revocation of postconviction probation is a final appealable judgment. *State* v. *Parker,* 194 Conn. 650, 659 n.8, 485 A.2d 139 (1984).

[2] At oral argument, the defendant asserted that the probation condition of psychiatric counseling, when left to the discretion of the adult probation officer, is an illegal delegation of judicial authority. General Statutes § 53a-30 (b) expressly allows either the judge or the probation department to impose reasonable conditions of probation and such imposition is not an illegal delegation of the judicial function. *State* v. *Roberson,* 165 Conn. 73, 76 n.1, 327 A.2d 556 (1973).

of sentencing in early May, 1981; the adult probation officer advised the defendant of it on May 27, 1981, during her initial probation conference. At that time, and, subsequently, on June 2, 1981, the defendant expressed her disagreement with the condition. Nevertheless, on June 8, 1981, the defendant was, on her own initiative, interviewed at the Enfield Mental Center where no assessment was made of her mental condition. She did not advise her probation officer of her interview and she continued to express her belief during the interview that the probation condition was unwarranted, too expensive and too difficult for compliance. Meanwhile, on June 3, 1981, the probation officer made application for an arrest warrant, charging the defendant with noncompliance with the condition. The warrant was subsequently issued and the defendant was arrested in August of 1981. In October of 1981, the defendant made application for a sentence modification, seeking the removal of that condition of probation, stating therein that the condition was punitive rather than rehabilitative.

On April 13, 1982, the trial court, *Wagner, J.,* conducted a hearing on the violation of probation, and the same hearing was expanded to include the defendant's motion for removal of the condition. The court granted the latter motion "on an interim basis reserving my right to reinstate it." At that hearing, the defendant introduced into evidence a psychological assessment, dated March 9, 1982, by a psychologist of the court's diagnostic clinic, which concluded that nothing which the author knew, either historically or as a result of observation, suggested that the defendant had ever labored under any gross psychiatric symptomatology and that there was no evidence as of the time of the interview, March 5, 1982, to suggest that she was psychiatrically disturbed or in need of psychiatric intervention.

On April 27, 1982, the trial court, *Klaczak, J.,* upon the renewal by the state of its claim that the defendant had violated the condition of her probation, held further hearings, culminating in the judgment that the condition of her probation was violated, and that her probation should be revoked and the original sentence reinstated.

The constitutional claim of the defendant was not raised below and any review of it is limited. Practice Book § 3063; *State* v. *Kurvin,* 186 Conn. 555, 564–65, 442 A.2d 1327 (1982). The defendant has not advanced an exception to this general rule under *State* v. *Evans,* 165 Conn. 61, 69–70, 327 A.2d 576 (1973). Furthermore, the cases cited by her, *Vitek* v. *Jones,* 445 U.S. 480, 100 S. Ct. 1254, 63 L. Ed. 2d 552 (1980), and *Gagnon* v. *Scarpelli,* 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), are inapposite. Those cases involved entitlement to a hearing, entitlement to counsel and notification of the hearing. Here, the defendant had a hearing, was notified and was represented by counsel.

The question for appellate review is whether the trial court abused its discretion in revoking probation and invoking the original sentence, after finding a historical violation of one of the conditions. At the time of the finding of the violation, the only evidence as to the underlying need for the condition was that it was not necessary.

The standard of appellate review in a probation revocation hearing distills to a review of the reasonableness of two findings. The findings to be reviewed are whether the condition of probation was violated and whether the beneficial purpose of the condition is still being served. *State* v. *Roberson,* 165 Conn. 73, 80, 327 A.2d 556 (1973). Even if the trial court could reasonably determine that the defendant had transgressed the

condition of her probation by refusing to acquiesce in its necessity and in refusing over the course of one week to abide by it, it could not have reasonably concluded that the beneficial purpose of it retained any of its original efficacy. The court not only had evidence of the condition's lack of any rehabilitative value, it was aware of an interim trial court ruling which had, at the least, temporarily suspended the need for the defendant to adhere to the condition. Furthermore, General Statutes § 53a-32 (b) makes it statutorily permissible for a court to find that a violation of a condition of probation exists, and yet modify the condition. Were this not so, factual situations such as here exist would require a rote revocation of probation and imposition of sentence upon a finding that a defendant did not obey a condition of probation. An inquiry into the reasons for the failure to obey the conditions of probation and an assessment by the court as to whether those reasons fall into the category of willful disobedience of the court's sentence must be made. See *Bearden* v. *Georgia,* 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983). In doing so, the "whole record" must be examined. General Statutes § 53a-32 (b).

At the time of the revocation of the defendant's probation, the particular condition, even if violated, was known not to be reasonably related to the rehabilitation of the defendant and to the protection of the public. See General Statutes § 53a-30 (a) (9); *United States* v. *Stine,* 646 F.2d 839, 842 (3d Cir. 1981); *Higdon* v. *United States,* 627 F.2d 893, 897 (9th Cir. 1980).

The state argues that even if the condition should never have been imposed, the defendant was bound by it, and any violation of it, for any length of time, was, per se, a sufficient ground for the revocation of probation. A defendant is, of course, in legal peril of incarceration at a hearing on the revocation of probation. If a failure to comply with a condition of probation

arises from sheer contumacy based upon a defendant's own assessment that a judicial condition of probation is meritless and the court's inquiry leads to no other conclusion, probation should be revoked. If, however, the condition serves no rehabilitative purpose and there is undisputed evidence that the condition was unnecessary at its inception, or was without any beneficial purpose as of the date of the hearing, reasonableness of a revocation of the probation is lacking. On the facts of this case, the trial court abused its discretion in revoking the defendant's probation.

There is error, the judgment is set aside, and the case is remanded for further proceedings.

In this opinion the other judges concurred.