STATE OF CONNECTICUT *v.* GEORGE NAVIKAUKAS
(5731)

DUPONT, C. J., SPALLONE and STOUGHTON, JS.

Argued October 15—decision released December 8, 1987

*John Watson,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Marcia B. Smith,* assistant state's attorney, with whom, on the brief, were *John Connelly,* state's attorney, and *Maureen B. Keegan,* legal intern, for the appellee (state).

DUPONT C. J. The trial court, after a hearing pursuant to General Statutes § 53a-32,[1] found the defendant in violation of three conditions of his probation, opened and vacated the original judgment of conviction, and rendered judgment imposing a sentence of two years.[2] The defendant claims on appeal that the trial court erred (1) in revoking his probation without considering whether the violation constituted a substantial violation of probation, and (2) in failing to find the purposes of probation could no longer be served. We find no error.

The defendant pleaded guilty, on February 14, 1984, to a substituted information charging him with the

---

[1] General Statutes § 53a-32 provides in pertinent part: "VIOLATION OF PROBATION OR CONDITIONAL DISCHARGE: ARREST; PROCEDURE. (a) At any time during the period of probation . . . the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation . . . . Any probation officer may arrest any defendant on probation without a warrant or may deputize any other officer with power to arrest to do so by giving him a written statement setting forth that the defendant has, in the judgment of the probation officer, violated the conditions of his probation. . . . (b) If such violation is established, the court may . . . revoke the sentence of probation . . . and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence."

[2] The defendant was originally sentenced to a term of three years, execution suspended after time served, with three years probation.

crime of assault in the second degree in violation of General Statutes § 53a-60. The defendant was placed on probation, the conditions of which required that he (1) report to his probation officer as circumstances dictated,[3] (2) keep the probation officer informed of his whereabouts and give immediate notice of any change in address or employment, (3) remain in the state of Connecticut,[4] and (4) refrain from violating any criminal law of the United States or any state.

The record reflects that from February, 1985, until August, 1986, the defendant failed to attend twelve scheduled meetings with his probation officer. On nine separate occasions the defendant's probation officer sent letters giving the defendant a new date to report. Three of these letters warned the defendant that unless he appeared on the date given, a probation warrant would be issued. A letter of September 10, 1986, informed the defendant that he must report on September 18, 1986. On September 15, 1986, the defendant's sister called his probation officer to inform him that the defendant had been arrested in Saratoga, New York. On September 16, 1986, the defendant telephoned his probation officer from Somers prison to inform him that he was being held pending a parole violation hearing in Massachusetts because of his New York arrest.

Pursuant to the conditions of probation, the defendant's probation officer gave him permission to leave Connecticut for short periods of time related to employment. At the time of his arrest in New York, however, the defendant was not employed at the job for which he had been given permission to leave Connecticut nor

---

[3] The probation officer established a schedule which required the defendant to meet with him on a monthly basis.

[4] The defendant received permission to leave Connecticut for short periods in connection with a job as a truck driver. He was also given permission on several occasions to leave the state for specific purposes.

did he have specific permission to leave the state. In addition, the defendant had taken a job in the state of New York without informing his probation officer of a change in his employment, and had failed to inform the probation officer that he was living with a relative in New York.

On August 25, 1986, the defendant was arrested for a probation violation, and on November 25, 1986, the trial court conducted a hearing. The court found that the defendant had violated the conditions of his probation (1) by failing to report for his scheduled meeting with his probation officer, (2) by failing to keep his probation officer apprised of his whereabouts, and (3) by leaving the state without permission.

The defendant claims that the trial court failed to consider factors beyond mere technical violations of probation when it revoked his probation.

"The standard of appellate review in a probation revocation hearing distills to a review of the reasonableness of two findings." State v. Cooley, 3 Conn. App. 410, 413, 488 A.2d 1283, cert. denied, 196 Conn. 805, 492 A.2d 1240 (1985). Those findings are whether the defendant violated the conditions of probation, and whether the defendant should be incarcerated because the rehabilitative purpose of probation cannot continue to be served. Gagnon v. Scarpelli, 411 U.S. 778, 784, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973).

In this case, the defendant conceded that he had violated the first two conditions of his probation. There was, however, conflicting testimony regarding whether the defendant had received blanket permission to leave this state in order to work in another state. The court found that the defendant's testimony was not credible on this issue, and determined that he had violated the third condition of probation by failing to obtain express permission to leave this state.

We will not substitute our judgment for that of the trial court on issues of credibility. " 'It is peculiarly within the province of the trier of fact to judge the credibility of a witness. *DeLuca* v. *C. W. Blakeslee & Sons, Inc.,* 174 Conn. 535, 547, 391 A.2d 170 (1978). "It is the trial court which had an opportunity to observe the demeanor of the witnesses and parties; thus, it is best able to judge the credibility of the witnesses and to draw necessary inferences therefrom." *Kukanskis* v. *Jasut,* 169 Conn. 29, 32–33, 362 A.2d 898 (1975).' " *Edens* v. *Kole Construction Co.,* 188 Conn. 489, 494–95, 450 A.2d 1161 (1982). Thus, the threshold question, whether the defendant had committed an historical violation of his probation conditions, is not in issue here.[5] See *State* v. *Johnson,* 11 Conn. App. 251, 527 A.2d 250 (1987).

The defendant's claim that his violations of probation were not substantial lacks merit. A critical element of probation is the supervisory role of the state. See *Gagnon* v. *Scarpelli,* supra, 784–85. That role cannot be diluted by a claim that one or more of the conditions were not substantial. All of the conditions at issue related to the state's interest in supervising the defendant, and were not, therefore, mere technical violations.

The defendant also claims that the court failed to give adequate consideration to the beneficial purposes of probation and whether those purposes could no longer be served. See *State* v. *Roberson,* 165 Conn. 73, 80, 327 A.2d 556 (1973). In this case, when the court found that the defendant had violated three conditions of probation, it impliedly found that the beneficial purposes of probation were not being served. "The defendant has

---

[5] The number of probation violations is not dispositive of whether the court has properly revoked probation. See *State* v. *Cooley,* 3 Conn. App. 410, 488 A.2d 1283, cert. denied, 196 Conn. 805, 492 A.2d 1240 (1985). The central issue for the court is whether, after finding an historical violation, due consideration is given to the rehabilitative purpose of probation.

not demonstrated that the court could not reasonably have concluded that the beneficial purposes of his probation, that is, his rehabilitation and the protection of society, were no longer being served." *State* v. *Johnson*, supra, 259, citing *Payne* v. *Robinson*, 10 Conn. App. 395, 401, 523 A.2d 917 (1987).

Finally, the defendant contends that the court should have determined whether the state's interest in punishment and deterrence could not be accomplished by a means other than imprisonment. See *Bearden* v. *Georgia*, 461 U.S. 660, 672, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983).

The defendant's reliance on *Bearden* v. *Georgia*, supra, is misplaced. In *Bearden*, the defendant's probation was revoked because he failed to pay a fine which was a condition of probation. The court held: "If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment." Id. Even under the unique factual circumstances presented by *Bearden*, the court found that the dispositive question was whether the probationer's failure to conform to the conditions of probation was willful or beyond the probationer's control.

In this case, there was more than ample, uncontradicted evidence upon which the court could reasonably find that the defendant wilfully violated the conditions of his probation. After finding that the defendant wilfully failed to comply with the conditions of probation, the court "then had the discretion to order a revocation of the probation." *State* v. *Johnson*, supra, 258.

There is no error.

In this opinion the other judges concurred.