### STATE OF CONNECTICUT *v.* VAL ROMAN
(6098)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued February 3—decision released March 15, 1988

*M. Daniel Friedland,* for the appellant (defendant).

*Timothy J. Sugrue,* deputy assistant state's attorney, with whom, on the brief, were *James G. Clark* and *Rosita Creamer,* assistant state's attorneys, for the appellee (state).

NORCOTT, J. The defendant appeals from the judgment of the trial court revoking his probation. We find no error.

The defendant was originally charged with evading responsibility in violation of General Statutes § 14-224. This charge stemmed from an automobile accident with one Pamela Anderson. As a result of a plea bargain, however, the defendant pleaded guilty to the crime of failure to appear in the second degree in violation of General Statutes § 53a-173. The defendant received a sentence of three months, execution suspended, and was placed on probation for one year with the special condition that he make restitution of $750 to Anderson "per small claims court." The defendant never paid any of the restitution despite the efforts of his probation officer and the victim. Ultimately, the defendant was arrested for being in violation of probation in violation of General Statutes § 53a-32.[1]

---

[1] General Statutes § 53a-32 provides in pertinent part: "VIOLATION OF PROBATION OR CONDITIONAL DISCHARGE: ARREST; PROCEDURE. (a) At any time during the period of probation . . . the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation . . . . Any probation officer may arrest any defendant on probation without a warrant or may deputize any other officer with power to arrest to do so by giving him a written statement setting forth that the defendant has, in the judgment of the probation officer, violated the conditions of his probation. . . . (b) If such violation is estab-

On May 8, 1987, a hearing was held to determine whether the defendant's probation should be revoked. At the conclusion of the probation revocation hearing, the trial court found that the defendant had violated the special condition of his probation and sentenced him to serve thirty days of his three month suspended sentence. The defendant then filed a motion for rehearing. At oral argument on the defendant's motion for rehearing, the defendant claimed for the first time that he was unable to pay the entire amount of restitution at once. The trial court, however, found that the defendant was not indigent and had willfully violated the terms of his probation. The court denied the motion.

" 'The standard of appellate review in a probation revocation hearing distills to a review of the reasonableness of two findings.' *State* v. *Cooley,* 3 Conn. App. 410, 413, 488 A.2d 1283, cert. denied, 196 Conn. 805, 492 A.2d 1240 (1985). Those findings are whether the defendant violated the conditions of probation, and whether the defendant should be incarcerated because the rehabilitative purpose of probation cannot continue to be served. *Gagnon* v. *Scarpelli,* 411 U.S. 778, 784, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)." *State* v. *Navikaukas,* 12 Conn. App. 679, 682, 533 A.2d 1214 (1987). In this case, there is no question that the defendant violated the conditions of his probation. The only question is whether the defendant should be incarcerated because the rehabilitative purpose of probation cannot continue to be served.

In *Bearden* v. *Georgia,* 461 U.S. 660, 672, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983), the United States Supreme Court held that when attempting to determine whether the rehabilitative purpose of probation

lished, the court may . . . revoke the sentence of probation . . . and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence."

can continue to be served, the sentencing court must inquire into the reasons for the failure to pay restitution. "If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment." Id.; *State* v. *Martinik,* 1 Conn. App. 70, 71–72, 467 A.2d 1247 (1983).

In this case, the court concluded that the defendant's failure to pay was willful and that the rehabilitative purpose of probation could no longer be served. Such a conclusion is adequately supported by the record. We will not substitute our judgment for that of the trial court. *State* v. *Navikaukas,* supra, 683.

There is no error.

In this opinion the other judges concurred.