# STATE OF CONNECTICUT *v.* JASON MARCH
## (13019)

O'Connell, Heiman and Hennessy, Js.

Argued April 26—decision released September 12, 1995

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Carolyn K. Longstreth*, assistant state's attorney, with whom were *Rosita M. Creamer*, assistant state's attorney, and, on the brief, *James E. Thomas*, state's attorney, for the appellee (state).

HENNESSY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49[1] and 53a-70,[2] and of risk of injury to a child in violation of General Statutes § 53-21.[3] The defendant also appeals from the revocation of

---

[1] General Statutes § 53a-49 provides in relevant part: "(a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[2] General Statutes § 53a-70 provides in relevant part: "(a) A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

[3] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

his probation from a previous conviction. He claims that the trial court improperly (1) instructed the jury that it could find the defendant guilty of attempt to commit sexual assault in the first degree when the information charged only sexual assault in the first degree, (2) failed to instruct the jury on the statutory definition of specific intent in connection with the crime of attempted sexual assault, (3) failed to instruct the jury on the specific intent element of risk of injury to a child, and (4) revoked the defendant's probation.

The jury could reasonably have found the following facts. On May 9, 1992, the four year old victim lived with her mother in Granby. That evening, the defendant visited the apartment, where the victim's mother also had two other guests. During the three to four hours during which the defendant remained at the apartment, the adults were drinking alcohol.

The victim, who had been put to bed in another room, did not fall asleep. Instead, the victim repeatedly entered the room where the adults were drinking. On one such occasion, the victim asked for something to drink and the defendant handed the victim a cup containing rum and soda. The victim drank the liquid, although she said it tasted funny, and the defendant refilled the cup with the same mixture. The victim drank approximately one half of the contents of the cup.

Later that evening, the defendant volunteered to read the victim a story, and went into her bedroom. After reading a story, the defendant fondled the vaginal and anal areas of the victim and attempted to penetrate her vagina and anus with his finger. The victim's mother heard the victim say "don't touch me" and when the victim's mother entered the bedroom, the victim told her that the defendant had "touched my pee-pee" and tried to touch her "butt" but that she would not let him. The victim's mother asked the three guests to leave,

and then called the victim's grandmother, who urged her to contact the police. The police arrived at the apartment the following morning.

## I

The defendant first claims that the trial court improperly convicted him of attempt to commit sexual assault in the first degree. The defendant argues that because he was charged by information with sexual assault in the first degree, which has only a general intent element, he was not given proper notice that he could be convicted of attempt to commit sexual assault in the first degree, which has a specific intent element. The defendant claims that this lack of notice of the charges against him violates article first, § 8, of the Connecticut constitution.[4] We disagree.

The defendant acknowledges that he failed to preserve this issue for appeal. He asks us to afford review under the constitutional bypass doctrine of *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973), as refined by *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[5]

---

[4] The constitution of Connecticut, article first, § 8, provides in relevant part: "In all criminal prosecutions, the accused shall have a right . . . to be informed of the nature and cause of the accusations . . . ."

[5] "In *State* v. *Golding*, [supra, 213 Conn. 239–40] our Supreme Court reformulated the test of reviewability in [*State* v. *Evans*, supra, 165 Conn. 61]. The *Golding* court held that when a defendant fails to preserve his claim at trial he can prevail on that claim only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Velez*, 30 Conn. App. 9, 20–21, 618 A.2d 1362 (1993); *State* v. *Gamble*, 27 Conn. App. 1, 13, 604 A.2d 366, cert. denied, 222 Conn. 901, 606 A.2d 1329 (1992); see also *State* v. *Walker*, 33 Conn. App. 763, 768–69, 638 A.2d 1084, cert. denied, 229 Conn. 913, 642 A.2d 1209 (1994). The first and second prongs of the *Golding* test dictate whether an issue will be reviewed, and the third and fourth prongs constitute review of the

Because we agree with the defendant that the record is adequate to review the alleged error, and that his claim is of constitutional magnitude; see *State* v. *Sumner*, 178 Conn. 163, 166, 422 A.2d 299 (1979); we turn to consideration of whether the alleged violation clearly exists and deprived the defendant of a fair trial.

Practice Book § 867[6] and General Statutes § 54-60[7] both provide that a criminal defendant can be convicted of either the crime charged in the information or of the attempt to commit that crime. The defendant claims that these provisions failed to provide him with constitutionally adequate notice that he could be convicted of attempt to commit sexual assault in the first degree when he was charged with sexual assault in the first degree. The defendant claims that attempt to commit sexual assault is not a lesser included offense of sexual assault because it requires the additional element of specific intent to commit sexual assault.

The defendant posits that § 867 and § 54-60, both predating the existence of our penal code, reflect the common law rule that attempt to commit a crime is a lesser included offense of any crime charged. Because the legislature abolished common law crimes with the creation of the penal code; *State* v. *Bunkley*, 202 Conn. 629, 638, 522 A.2d 795 (1987); and attempt is now statutorily defined by § 53a-49 to require specific intent,[8] the

issue on its merits. *State* v. *Avila*, 223 Conn. 595, 602, 613 A.2d 731 (1992); *Wilson* v. *Cohen*, 222 Conn. 591, 603, 610 A.2d 1177 (1992).

[6] Practice Book § 867 provides in relevant part: "The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein, if the attempt is an offense."

[7] General Statutes § 54-60 provides: "Whenever any indictment, information or complaint is pending before any court, a conviction may be had for any offense sufficiently alleged therein or for an attempt to commit such offense, and the accused may be convicted or such court may accept a plea of guilty for any of such offenses."

[8] See footnote 1.

defendant points out that attempt to commit sexual assault in the first degree can no longer be considered a lesser included offense of sexual assault in the first degree. Therefore, the defendant asks us to hold that our statute and rule of practice providing notice should no longer be found effective.

We decline to adopt the defendant's reasoning. Neither § 867 nor § 54-60 suggests that an attempt to commit a crime must necessarily be a lesser included offense to the crime. In fact, because both provisions refer separately to lesser included offenses and attempt to commit the charged offense, the defendant's argument that attempt must be a lesser included offense for these provisions to apply is without merit. See *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Co.*, 193 Conn. 208, 231–32, 477 A.2d 988 (1984) ("in construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous"); *State* v. *Grant*, 176 Conn. 17, 20, 404 A.2d 873 (1978).[9] We hold that § 867 and § 54-60 are constitutionally sufficient to put a criminal defendant on notice that he can be convicted of an attempt to commit the crime charged as well as any lesser included offenses of the crime as charged.

## II

The defendant next claims that the trial court improperly failed to instruct the jury on the definition of specific intent as an element of attempt to commit sexual assault in the first degree. The defendant failed to preserve this claim at trial and requests review under the constitutional bypass doctrine of *Evans-Golding*.[10]

---

[9] Rules of statutory construction apply with equal force to Practice Book provisions. *State* v. *Carey*, 25 Conn. App. 421, 426, 594 A.2d 1011 (1991), rev'd, 222 Conn. 299, 610 A.2d 1147 (1992).

[10] See footnote 5.

Because the record is adequate for review and the claim is of constitutional magnitude; see *State* v. *Jackson*, 34 Conn. App. 599, 605–606, 642 A.2d 738, cert. granted, 231 Conn. 917, 648 A.2d 165 (1994); we turn to consideration of whether the alleged constitutional violation clearly exists and whether it deprived the defendant of a fair trial.

In order for us to conclude that improper jury instructions have deprived the defendant of a fair trial, we must find that, considering the substance of the charge as a whole, it is reasonably possible that the jury was misled. Id.; see also *State* v. *Walton*, 227 Conn. 32, 65–66, 630 A.2d 990 (1993). We do not find that to be true here.

As a general rule, "[w]hen a word contained in an essential element carries its ordinary meaning, failure to give the statutory definition will not constitute error." *State* v. *Jackson*, supra, 34 Conn. App. 607–608, quoting *State* v. *Kurvin*, 186 Conn. 555, 562, 442 A.2d 1327 (1982). This rule has been applied to the omission of the statutory definition of specific intent. See, e.g., *State* v. *Sinclair*, 197 Conn. 574, 581, 500 A.2d 539 (1985); *State* v. *Jackson*, supra, 608. Because the word "intent" as used to define an element of attempted sexual assault carries its ordinary meaning, and the trial court clearly instructed the jury that intent must be found to return a verdict of guilty for that offense,[11] the defendant cannot prevail on this claimed error. See *State* v. *Sinclair*, supra, 581. We conclude that the alleged constitutional

---

[11] The jury charge included the following language: "Our law provides that a person is guilty of an attempt to commit a crime if, acting with the same kind of mental state required for commission of the crime, he intentionally does anything which, under the circumstances as he believes them to be, is an act constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. In order for you to convict on this offense of attempted sexual assault in the first degree, then, you must be satisfied, first, that the defendant acted with the intent to engage in sexual intercourse, as I've defined that term . . . ."

violation did not clearly exist or deprive the defendant of a fair trial.

## III

The defendant also claims that the trial court improperly failed to instruct the jury on the specific intent element of risk of injury to a child. We disagree.

This claim of error was not preserved at trial and the defendant seeks review under the constitutional bypass doctrine of *Evans-Golding*.[12] We conclude that the record is adequate to review this claim and that it is of constitutional magnitude. See *State* v. *Williamson,* 206 Conn. 685, 708–709, 539 A.2d 561 (1988). We proceed to consideration of whether the alleged violation clearly exists and whether it deprived the defendant of a fair trial.

Section 53-21[13] prohibits "two general types of behavior likely to injure physically or to impair the morals of a minor under sixteen years of age: (1) deliberate indifference to, acquiescence in, or the creation of situations inimical to the minor's moral or physical welfare . . . and (2) acts directly perpetrated on the person of the minor and injurious to his [or her] moral or physical well-being." *State* v. *Dennis,* 150 Conn. 245, 250, 188 A.2d 65 (1963); see also *State* v. *George,* 37 Conn. App. 388, 391, 656 A.2d 232 (1995). Under the second prong, which is the prong under which the defendant was charged and the jury was instructed,[14] there is no spe-

---

[12] See footnote 5.

[13] See footnote 3.

[14] The jury charge provided in relevant part: "Now, turning to the second count, the defendant is charged with the offense of injury or risk of injury to a child, in violation of our General Statutes. Insofar as the statute applies here, it says, 'Any person who does any act likely to impair the health or morals of a child under the age of sixteen years is guilty of this offense.' This statute prohibits act directly—acts rather—directly perpetrated on the person of a minor under the age of sixteen and injurious to . . . her health. . . .

cific intent requirement. *State* v. *McClary*, 207 Conn. 233, 239–40, 541 A.2d 96 (1988). The four elements the jury needed to find to return a verdict of guilty are: (1) the victim was less than sixteen years old; (2) the defendant committed an act upon the victim; (3) the act was likely to be injurious to the victim's health or morals; and (4) the defendant had the general intent to commit the act upon the victim. *State* v. *Ostolaza*, 20 Conn. App. 40, 47, 564 A.2d 324, cert. denied, 213 Conn. 808, 568 A.2d 793 (1989).

The state charged that the defendant had impaired the health or morals of the child in any of three ways: (1) giving the victim alcohol to drink; (2) fondling the victim's genital and anal areas; and (3) digitally penetrating the victim's vagina and anus. The defendant's argument has two components. He first contends that the alleged violation of § 53-21 by giving the victim alcohol to drink constituted a first prong violation and not a second prong violation.[15] He then contends that a guilty verdict under the first prong requires a jury finding of specific intent. The defendant reasons, there-

"Now, again, the information sets forth a number of ways in which the crime can be committed; you do not have to be convinced beyond a reasonable doubt of all of those ways, but you all must be convinced unanimously, beyond a reasonable doubt, of at least one single set of facts sufficient to satisfy each of the necessary elements of the crime charged . . . .

"The jury has to unanimously agree on at least one set of facts sufficient to satisfy each of the necessary elements of the crime charged, and in this case the state alleged the alcohol to drink, the fondling of genital and anal areas, and the penetration both vaginally and anally with the defendant's finger or fingers."

[15] The defendant concedes that the evidence was sufficient to allow the jury to find that the defendant had violated § 53-21 by fondling the victim's genital and anal areas. We must address the defendant's claim as to the possibility that giving alcohol to the victim was a first prong violation because when the jury is charged with two modes of committing a crime, and each mode involves different elements, the possibility that the conviction could rest on either mode requires a proper jury instruction on each mode or the conviction does not comport with due process. See *Yates* v. *United States*, 354 U.S. 298, 312, 77 S. Ct. 1064, 1 L. Ed. 2d 1356 (1957).

fore, that because there was no jury instruction on specific intent, which he claims is an essential element, his due process rights were violated. We conclude that the trial court properly limited its charge to the second prong of the risk of injury statute, and do not reach the issue of whether there is a specific intent requirement under the first prong of § 53-21.

The defendant argues that our prior case law establishes that when § 53-21 is violated by providing alcohol or drugs to a child, it is a first prong violation. We disagree. Although in both *State* v. *Ostolaza,* supra, 20 Conn. App. 40, and *State* v. *Mancinone,* 15 Conn. App. 251, 545 A.2d 1131, cert. denied, 209 Conn. 818, 551 A.2d 757 (1988), cert. denied, 489 U.S. 1017, 109 S. Ct. 1132, 103 L. Ed. 2d 194 (1989), the trial court instructed the jury that providing alcohol or drugs to children could lead to a finding that the defendant was guilty of a first prong violation, these cases do not exclude the possibility that in some circumstances providing alcohol to a child can be a second prong violation.

In both *Ostolaza* and *Mancinone,* the victims were teenagers and the state alleged that the defendant had made alcohol and marijuana available to the victims or had given alcohol and marijuana to the victims for their personal use. In this case, the defendant handed a cup containing rum to the four year old victim who had requested something to drink. This is not the creation of a situation that might cause injury to the child. Instead, due to the age of the victim, this is an act directly perpetrated upon a child that is likely to impair the health or morals[16] of the child. Thus, the trial court did not improperly fail to instruct the jury on specific intent, which is not an element under the second prong of § 53-21.

---

[16] The state provided evidence of the possible detrimental physical effects of alcohol on a four year old child.

## IV

The defendant's final claim is that the trial court improperly revoked his probation without consideration of the whole record. The following facts are relevant to this claim. When the defendant was arrested for the assault of the victim, he was also arrested for violation of probation. By motion of the state, the trial court considered the evidence presented at the trial on the assault of the victim in determining whether there had been a violation of probation. After the jury returned its verdict, the trial court found a violation of probation and asked if the defendant wanted to be heard prior to sentencing on the violation of probation. The defendant's trial attorney was absent, and a continuance was granted to allow his trial counsel to appear and address the court prior to sentencing.[17] At the sentencing proceedings, after argument by counsel, the trial court discussed the defendant's limited prospects for rehabilitation and the danger he posed to other children. Then, in addition to sentencing the defendant for the attempt to commit sexual assault in the first degree and risk of injury to a child, the trial court ordered the defendant's probation revoked.

Pursuant to General Statutes § 53a-32, "a probation revocation hearing has two distinct components. . . . The trial court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation. . . . If the trial court determines that the evidence has established a violation of a condition of probation, then it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consider-

---

[17] Another attorney from the office of the defendant's trial attorney was present when the jury returned its verdict. That attorney, however, requested a continuance so the defendant could be represented by his trial counsel during the sentencing proceedings.

ation of 'the whole record,' the trial court 'may continue or revoke the sentence of probation . . . ' [i]n making this second determination, the trial court is vested with broad discretion." (Citation omitted.) *State* v. *Davis*, 229 Conn. 285, 289–90, 641 A.2d 370 (1994). The decision whether to revoke probation depends on the trial court's determination of "whether the defendant should be incarcerated because the rehabilitative purpose of probation cannot continue to be served." *State* v. *Navikaukas*, 12 Conn. App. 679, 682, 533 A.2d 1214 (1987), cert. denied, 207 Conn. 804, 540 A.2d 74 (1988); see also *State* v. *Smith*, 207 Conn. 152, 167, 540 A.2d 679 (1988).

The defendant argues that "the court's willingness to sentence the defendant immediately upon a finding of a violation of probation reflects the trial court's belief that a finding of a violation alone was sufficient to revoke the defendant's probation," and that the trial court's failure to review the whole record before ordering that his probation be revoked violated his due process rights. The defendant admits, however, that he failed to preserve this claim at trial, and asks for review under the constitutional bypass doctrine of *Evans-Golding*.[18]

We decline to afford review of this claim because the record is not adequate for review. The defendant's contention that the trial court "failed to review the whole record" is premised on speculation. The trial court, after finding a violation of probation, exercises broad discretion in deciding whether to revoke probation. *State* v. *Davis*, supra, 229 Conn. 290. Although the subsidiary facts supporting the finding of a violation must be explicitly set forth in the trial court's decision, the trial court is not required to explicate the subsidiary findings supporting its conclusion that probation should be revoked. See *State* v. *Baxter*, 19 Conn. App. 304, 321,

---

[18] See footnote 5.

563 A.2d 721 (1989); *State* v. *Navikaukas,* supra, 12 Conn. App. 683–84. On appellate review, we presume, in the absence of any indication to the contrary, that the trial court impliedly found that the beneficial purposes of probation are no longer being served, as long as the record reveals that the finding was reasonable. See *State* v. *Smith,* supra, 207 Conn. 167; *State* v. *Baxter,* supra, 321; *State* v. *Navikaukas,* supra, 684.

In this case, the record reveals that the defendant was on probation and, as a condition of probation, he was not to violate any of the laws of this state. The defendant was arrested and charged with sexual assault in the first degree and risk of injury to a child. At the trial on these charges the jury found, beyond a reasonable doubt, that the defendant had committed attempted sexual assault in the first degree on a four year old child and risk of injury to that child. The trial court, considering the evidence from the trial, made an independent determination, explicitly set forth in the record, that the defendant had violated his probation.

When defense counsel addressed the court prior to sentencing, the plea for leniency in sentencing revolved around the minimization of the seriousness of the offenses and the profound impact the sentence would have on the defendant's grandmother. After defense counsel's argument, the trial court observed that the defendant's denial of the charges of which he had been convicted was indicative of his failure to utilize the rehabilitative aspects of his probation. The trial court also commented that the seriousness of the crimes demonstrated that the defendant posed a serious risk to society, especially other young children. The trial court then concluded that in addition to the sentence for the attempted sexual assault and risk of injury to a child, the defendant's probation should be revoked. We find that the record supports the presumption that the trial court impliedly found that the beneficial purposes of

probation were not being served. Because the defendant does not refer to any part of the record to support his argument that the trial court did not consider "the whole record" in reaching this conclusion, the record is inadequate to support his contention. Accordingly, we conclude that the defendant's unpreserved claim is not entitled to review.[19]

The judgments are affirmed.

In this opinion the other judges concurred.

---

[19] Our conclusion that the record is not adequate to establish that the trial court failed to follow the statutory procedures also dictates that plain error review pursuant to Practice Book § 4185 is inappropriate. Compare *State v. Burke*, 182 Conn. 330, 331–32, 438 A.2d 93 (1980) ("[w]here the legislature has chosen specific means to effectuate a fundamental right, failure to follow the mandatory provisions of the statute is plain error, reviewable by this court").