LORING J. WHITESIDE *v.* WILLIAM T. BURLANT, SHERIFF

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued November 2—decided November 30, 1965

*Loring J. Whiteside,* pro se, the appellant (plaintiff).

*George R. Tiernan,* for the appellee (defendant).

HOUSE, J. This is an appeal from a judgment of the Superior Court dismissing a writ of habeas corpus issued April 17, 1963, upon the plaintiff's

application, which alleged that he was being illegally held and confined in jail by the defendant sheriff under sentence of twenty days' confinement, a fine of $500 and two years' probation. The confinement resulted from the plaintiff's March 28, 1959 conviction on four counts of criminal libel following a trial by jury in the Court of Common Pleas. From that judgment the plaintiff appealed to this court. We found no error; *State* v. *Whiteside,* 148 Conn. 208, 169 A.2d 260; and a motion to reargue was subsequently denied. The United States Supreme Court denied the plaintiff's petition for certiorari. *Whiteside* v. *Connecticut,* 368 U.S. 830, 82 S. Ct. 52, 7 L. Ed. 2d 33. Thereafter the plaintiff sought a writ of habeas corpus in the United States District Court for the district of Connecticut which was denied, and on appeal to the Court of Appeals for the Second Circuit that decision was affirmed. *United States ex rel. Whiteside* v. *Slavin,* 309 F.2d 322 (2d Cir.). Again certiorari was denied by the United States Supreme Court. *Whiteside* v. *Slavin,* 372 U.S. 966, 83 S. Ct. 1090, 10 L. Ed. 2d 129. A subsequent petition for a writ of error coram nobis or review in equity submitted October 27, 1964, was denied by this court; *State* v. *Whiteside,* 152 Conn. 730, 204 A.2d 627; and the plaintiff's third petition to the United States Supreme Court for a writ of certiorari was denied on May 3, 1965. *Whiteside* v. *Connecticut,* 381 U.S. 903, 85 S. Ct. 1446, 14 L. Ed. 2d 284.

By the present habeas corpus proceedings the plaintiff once again seeks to litigate issues relevant to his 1959 trial and conviction. His petition concludes with the assertion that "the entire prosecution from the first arrest on October 27, 1958 right up to and including the published opinion of the

Supreme Court of Errors on April 4, 1961, was nothing more than a giant effort at intimidation" which "was evidenced by a variety of criminal and felonious acts committed by both prosecutors, both trial judges and all five of the justices of the Supreme Court of Errors who sat on this case and a companion contempt case." The latter reference is obviously to the collateral case of *Whiteside* v. *State,* 148 Conn. 77, 167 A.2d 450, in which this court found no error in a decision of the Municipal Court of New Haven adjudging him guilty of contempt of that court.

The record clearly discloses that the issues which the plaintiff seeks to raise in his present petition are now moot and academic. Four or five days after the trial court's April 30, 1963 judgment dismissing his writ and before the present appeal was taken, the plaintiff was released from jail, having served the twenty-day sentence. The defendant died July 21, 1963. Pursuant to General Statutes § 54-113 the plaintiff was discharged from probation on June 26, 1964, despite his "rejection of said discharge from probation and his firm refusal to accept such discharge." Even if this rejection of complete discharge from probation could be effective and valid, the original two-year period of probation expired May 4, 1965. The basic issue raised by the habeas corpus proceeding was the legality of the restraint exercised over the petitioner by the now deceased sheriff. That restraint was imposed under the mittimus issued pursuant to the judgment on the verdict of the Court of Common Pleas which was affirmed on appeal to this court as referred to above. The judgment has now expired by its terms. The plaintiff is no longer in the custody of any person nor in any way "confined or deprived of his liberty" as

those words are used in our habeas corpus statute. General Statutes § 52-466. The issues he sought to raise are now moot. "It is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow." *Newton* v. *Barnett,* 146 Conn. 344, 346, 150 A.2d 821; see also *Young* v. *Tynan,* 148 Conn. 456, 458, 172 A.2d 190; *DelMastro* v. *Liquor Control Commission,* 146 Conn. 740, 154 A.2d 241.

Our decision is in accord with the majority opinion of the United States Supreme Court in *Parker* v. *Ellis,* 362 U.S. 574, 80 S. Ct. 909, 4 L. Ed. 2d 963. In that case the court had granted certiorari to review the dismissal of the petitioner's application for habeas corpus, in which the petitioner claimed that his conviction in a state court violated his federal constitutional rights. Before the case could be heard by the Supreme Court the petitioner was released from imprisonment, after having served a seven-year sentence, less time off for good behavior. The majority opinion held that the case had become moot, that the court was without jurisdiction and that the writ of certiorari must be dismissed for want of jurisdiction.

The fact that four justices dissented from the majority opinion in the *Parker* case and expressed the view that relief should be granted in that case under the broad grant of authority to federal courts under 28 U.S.C. § 2243 to "dispose of the matter as law and justice require" has prompted us to apply the tests of those dissents to the facts in this case. In doing so we find here no such circumstances as prompted the dissenting opinions.

In sharp contrast to Parker's felony case, this plaintiff was convicted of criminal libel, a misde-

meanor (Rev. 1949, § 8518 [General Statutes § 53-174]; General Statutes § 1-1), which does not involve loss of voting rights. Cum. Sup. 1955, § 548d (General Statutes § 9-46). Nor could that conviction of a misdemeanor be shown to affect his credibility as a witness; General Statutes § 52-145; *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 470, 208 A.2d 341; or subject him to increased punishment in the event of a subsequent conviction for a felony. General Statutes §§ 54-118, 54-120. Not only is the plaintiff himself a lawyer but he was also represented by counsel of his own choosing both on the trial and on his appeal. On appeal this court fully considered his twenty-five assignments of error and found no error in the trial proceedings. *State* v. *Whiteside,* 148 Conn. 208, 169 A.2d 260.

There is no legitimate basis for a claim that the judgment of conviction and sentence which the plaintiff again seeks to attack was "the culmination of a proceeding which fails to meet the requirements of the fair trial guaranteed him by the federal constitution." *Wojculewicz* v. *Cummings,* 143 Conn. 624, 629, 124 A.2d 886; *Johnson* v. *Zerbst,* 304 U.S. 458, 465, 58 S. Ct. 1019, 82 L. Ed. 1461.

We conclude that the majority opinion in *Parker* v. *Ellis,* 362 U.S. 574, 80 S. Ct. 909, 4 L. Ed. 2d 963, is compelling authority for a dismissal of the appeal for mootness and that nothing considered in the minority opinions in that case would lead to a different end result here.

The appeal is dismissed.

In this opinion the other judges concurred.