EDWIN S. HARKINS ET AL. *v.* C. FRANCIS DRISCOLL ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 10—decided November 13, 1973

*Melvin C. Scott,* with whom, on the brief, was *C. George Kanabis,* for the appellants (plaintiffs).

*Edmund J. Eshenfelder,* with whom, on the brief, was *Myron B. Bell,* for the appellees (defendants).

PER CURIAM. The plaintiffs, at the inception of this action, were Lieutenants Edwin S. Harkins and Raymond Griswold and Sergeant Melvin W. Jet-

more, Sr., of the city of New London police department. They sought injunctive relief pending arbitration proceedings to determine their rights under the collective bargaining agreement between the policemen's union and the city of New London. The arbitration was to review two matters: first, whether the promotion of a sergeant with less seniority than the plaintiffs to the position of captain violated the collective bargaining agreement; and second, whether a promotional examination to select lieutenants from those eligible would deprive the plaintiffs of valuable seniority rights and promotional advantages under the same agreement.

After concluding that the first matter challenging the sergeant's appointment to captain was not arbitrable, the trial court found the issues involved in that matter for the defendants. The trial court refused to grant the request of the plaintiff lieutenants for an injunction prohibiting the promotional examination for the position of lieutenant upon the representation of the city manager that the city would honor the provisions of the collective bargaining agreement for filling any vacancy in that office.

During the course of this appeal, on December 25, 1971, the plaintiff Melvin W. Jetmore, Sr., died. The administrator of his estate was substituted as a party plaintiff. This substitution is decisive for the following reasons. First, no issues regarding the office of lieutenant can be reviewed by this court. The questions of law which the plaintiffs asked to have reviewed in their request for a finding involved only the issues surrounding the promotion of a sergeant to captain. In accordance with Practice Book § 635, the court made no findings concerning the office of lieutenant. Second, counsel during oral

argument before this court stipulated that no decision be made concerning any claims of Lieutenants Harkins and Griswold. Thus the only appellant presenting the issues is the administrator of the estate of the deceased Sergeant Jetmore, and no decision by this court can provide practical relief.

At this time, there is no controversy between the parties of this case requiring adjudication of present rights. Counsel argued that the question raised by the pleadings is real and a decision from this court will have present effect on both the city of New London and the members of the police department. As far as this action is concerned, no controversy is presented concerning any current member of the police department and, even if a controversy does exist, that member is not a party to this action. *Eastern Electric Construction Co.* v. *Morrissey,* 142 Conn. 742, 743, 115 A.2d 427. Courts exist for determination of actual and existing controversies, and under the law of this state the courts may not be used as a vehicle to obtain judicial opinions upon points of law. *Reply of the Judges,* 33 Conn. 586; 1 Am. Jur. 2d, Actions, § 56. "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22; see also *Roy* v. *Mulcahy,* 161 Conn. 324, 328, 288 A.2d 64; *Tracy* v. *Johnson,* 156 Conn. 630, 239 A.2d 477; *Whiteside* v. *Burlant,* 153 Conn. 204, 207, 215 A.2d 100; *Young* v. *Tynan,* 148 Conn. 456, 458–59, 172 A.2d 190; *Del-Mastro* v. *Liquor Control Commission,* 146 Conn.

740, 154 A.2d 241; Maltbie, Conn. App. Proc. § 21. Since it was stipulated that no decision be rendered concerning the claims of the two lieutenants, and the remaining plaintiff is now deceased, any determination of the claims of the deceased sergeant would be moot and no actual relief could follow.

The appeal is dismissed.