ROBERT N. GROSBY, TRUSTEE *v.* TOWN OF
DARIEN ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 7—decided December 4, 1973

*Richard S. Weinstein,* with whom was *Thomas J. Abinanti,* for the appellant (plaintiff).

*Stephen Pierson,* with whom was *William G. Waldau,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action in the Circuit Court seeking to enjoin the defendant town, hereinafter called the defendant, its first selectman and its chief of police from obstructing the lawful development of the plaintiff's subdivision by arresting the plaintiff's agents and servants while they were engaged in the removal of soil material from the subdivision. The defendant moved to erase the action as one not within the jurisdiction of the Circuit Court. This motion was denied and the requested injunction was issued. The defendant appealed this judgment to the Appellate Division of the Court of Common Pleas which found error and remanded the case to the Circuit Court with instructions to dissolve the injunction and erase the case from the docket for lack of jurisdiction. The plaintiff then petitioned this court for certification and upon the granting of the petition filed an appeal. The defendant, while the appeal was pending, moved that the appeal be dismissed as moot. Argument on this motion was heard at the same time as argument on the appeal in which the defendant also briefed its claim that the appeal should be dismissed as moot.

It appears that while the appeal was pending from the judgment of the Appellate Division of the Court of Common Pleas the defendant on July 15, 1973, enacted entirely new and different regulations covering all land filling, excavation and earth removal from that date forward. These new regulations now govern soil removal from the property of the plaintiff, replacing those involved in the action from which the present appeal arose. In this action, aside from the jurisdictional question raised, the plaintiff contended that the 1956 ordinance was invalid and that even if it were valid the excavating was not prohibited by the terms of the ordinance. The town claimed that the ordinance was valid and that it prohibited the excavating.

With the adoption of the new regulations, it now appears that the substantive issues raised in the present case have become moot. "[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22; *Harkins* v. *Driscoll,* 165 Conn. 407, 409, 334 A.2d 901.

The appeal is dismissed.