UNITED LIQUORS OF CONNECTICUT, INC. *v.*
TEAMSTERS LOCAL 443 ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued October 11—decision released October 30, 1979

*Burton M. Weinstein,* with whom, on the brief, was *Richard J. Shapiro,* for the appellants (defendants).

---

*Michael J. Lombardo,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (intervening defendant state board of mediation and arbitration).

*Pasquale Young,* with whom, on the brief, was *Patrick B. Dorsey,* for the appellee (plaintiff).

*William S. Zeman* and *Joel M. Ellis,* as amici curiae.

PER CURIAM. The original defendants having withdrawn their appeal to this court and the judgment of the trial court, therefore, having become conclusive as to the original parties, any actual controversy which may have existed vis-a-vis them and the intervening defendant, the state board of mediation and arbitration, necessarily became moot.

In *Harkins* v. *Driscoll,* 165 Conn. 407, 409, 334 A.2d 901, we stated, quoting *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22, that "[i]t is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow."

The appeal of the intervening defendant is dismissed as moot.