[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The plaintiff, David Cummings, brings this action against the defendant, Roberta D'Oyen, to recover for emotional distress allegedly suffered as a result of being arrested pursuant to a complaint made by the defendant. The plaintiff alleges that he was arrested because the defendant accused him of harrassing her. The plaintiff further alleges that these charges were subsequently dismissed by the court.
On December 19, 1994, the defendant filed a motion to dismiss the plaintiffs complaint on the grounds of lack of subject matter jurisdiction and lack of personal jurisdiction. The defendant also filed an affidavit in support of her motion CT Page 679 to dismiss. In her affidavit, the defendant states that she is a Commissioner of the Connecticut Workers' Compensation Commission (¶ 2), and that she filed a complaint with law enforcement officials because the plaintiff called her office on numerous occasions and harrassed her. (¶¶ 6-9.) The defendant also attests that at the time she made her complaint, she was acting in her capacity as a workers' compensation commissioner. (¶ 11.) The file does not contain any opposition to the defendant's motion.[1]
A. Subject Matter Jurisdiction
"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it." (Internal quotation marks omitted.) Lewis v.Gaming Policy Board, 224 Conn. 693, 698, 620 A.2d 780 (1993). "The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings . . . ." (Internal quotation marks omitted.) Id., 698-99. One of the requirements for the court to have subject matter jurisdiction is that there must be an "actual controversy" between the parties. Harkins v. Driscoll, 165 Conn. 407, 409,334 A.2d 901 (1973).
The defendant argues that the court lacks subject matter jurisdiction because there is no "actual controversy" between the parties. The defendant argues that no "actual controversy" exists because at the time she filed the complaint against the plaintiff, she was acting in her capacity as a state official. The defendant argues that as a state official, she owed no duty to the plaintiff in her individual capacity, and therefore, cannot be individually liable to the plaintiff. Thus, the defendant contends that the plaintiff cannot sue her in her individual capacity for filing a complaint against him that resulted in his arrest.
While the defendant attests that she received threatening phone calls from the plaintiff while she was at work (¶¶ 6-9) and that the plaintiff harrassed her with respect to her ruling on his workers' compensation claim (¶¶ 2-6), the plaintiff's complaint is only directed at the defendant in her individual capacity. The plaintiff does not allege in his complaint that the defendant was acting as a state official when she filed her complaint. Even though the plaintiff might have harrassed her while she was in her state office and in relation to her CT Page 680 official duties as a workers' compensation commissioner, the legal conclusions stated in the defendant's supporting memorandum and affidavit (i.e., that she was at all times acting in her official capacity) cannot serve as grounds for challenging the court's subject matter jurisdiction. The defendant has offered no proof that filing a criminal complaint against the plaintiff is part of her official duties as a workers' compensation commissioner. Further, at best, the defendant's affidavit raises questions of fact that cannot be resolved on a motion to dismiss. Thus, the defendant's motion to dismiss on the ground of lack of subject matter is denied.
B. Personal Jurisdiction
The defendant argues that the court lacks personal jurisdiction because she was not properly served with process. The defendant contends that as a state official, she should have been served through the Attorney General's Office, pursuant to General Statutes § 52-64. The sheriff's return states that the sheriff made in hand service of process upon the defendant on October 27, 1994.
General Statutes § 52-64 provides in pertinent part:
 Service in action against state. Service of civil process in any civil action or proceeding maintainable against . . . the state or against any institution, board, commission, department . . . or against any officer, servant, agent or employee of the state . . . may be made by leaving a true and attested copy of the process . . . with the attorney general or at his office in Hartford.
The plaintiff does not allege that he sued the defendant, who happens to be a state official, based on a delict committed during the discharge of her official duties. Rather, the complaint appears to state a cause of action against a private citizen. As such, the plaintiff may serve process on the defendant as he would in any civil action. (See General Statutes § 52-54.) Even assuming arguendo that this is an action against a state official, the language of § 52-64 is directory rather than mandatory, as this statute provides, in pertinent part, that service of process "may be made by leaving a true and CT Page 681 attested copy of the process . . . with the attorney general . . . ." Therefore, in either event, the service of process was proper, and the defendant's motion to dismiss for lack of personal jurisdiction is accordingly denied.
MAIOCCO, J.