[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 9, 1997
This memorandum of decision addresses the defendant's Motion for Correction of Illegal Sentence or in the Alternative Motion to Vacate Judgment, dated April 25, 1997,[1] Therein, the defendant asserts that when he entered a plea of guilty before the Superior Court in 1991, he had inadequate understanding of the nature of the charges then pending against him and had ineffective assistance of counsel, all in derogation of his constitutionally protected right to due process. The defendant is subject to sentencing by the Honorable Dominick J. Squatrito of the United States District Court for the District of Connecticut, in response to a subsequent offense and conviction. He claims that his previously entered plea will subject him to enhanced federal penalties, extended incarceration and significant irreparable harm. The basis for the defendant's argument is set forth in his Memorandum of Law dated March 20, 1997.[2] The defendant also appeared, pro se, at a preliminary hearing held before the Superior Court on May 6, 1997. The court finds that it is without jurisdiction to consider the defendant's motion or the issues addressed therein. Therefore, the motion is dismissed for lack of subject matter jurisdiction.
The defendant admits that on April 23, 1991, he pled guilty to a single charge of possession of narcotics in violation of § 21a-279a before the Hon. John Moran at the Superior Court in Hartford. The court file confirms that the defendant was represented by counsel when he entered his guilty plea. The file further reflects that on the same date, Judge Moran imposed a sentence of three years, suspended, with three years of probation. There is no indication that this sentence was served at a corrections facility, the defendant having successfully completed his probationary period. This probation expired on the third anniversary of the sentence, or April 23, 1994. CT Page 12434
Before considering the merits of the defendant's motion, the court must establish whether it has jurisdiction over the subject matter presented therein. It is well settled that a court must raise and decide the issue of subject matter jurisdiction as a threshold matter, even if the parties themselves fail to raise or brief the issue. State v. Carey, 222 Conn. 299, 305
(1992). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it . . . Jurisdiction invokes the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." (Citations omitted; internal quotation marks omitted.) State v. Carey, supra, 222 Conn. 304-05 (1992). "Lack of jurisdiction, once raised, must be disposed of. Baldwin Piano Organ Co. v. Blake,186 Conn. 295, 297, 441 A.2d 183 (1982)." Upson v. State,190 Conn. 62, 625 (1983).
The defendant's motion effectively requests this court to revisit the sentence imposed at the Superior Court in 1991, which expired on April 23, 1994. Our courts have held, however, that "[t]he jurisdiction of the sentencing court terminates when the sentence is put into effect, and that court may no longer take any action affecting the sentence unless it has been expressly authorized to act." State v. Tuszynski,23 Conn. App. 201, 206 (1990), citing State v. Walzer,208 Conn. 420, 424-25 (1988). "[O]nce judgment has been rendered and the defendant has begun serving the sentence imposed, the trial court lacks jurisdiction to modify its judgment in the absence of a legislative or constitutional grant of continuing jurisdiction." Statev. Luzietti, 230 Conn. 427, 431 (1994).
While the defendant has failed to identify a dispositive statutory or constitutional basis for his position, the defendant claims that Judge Moran's sentence was inherently "illegal," warranting correction at this time. Generally, Connecticut courts "strongly disfavor collateral attacks upon judgments because such belated litigation undermines the important principle of finality . . ." (Citations omitted; internal quotation marks CT Page 12435 omitted.) Bowers v. Commissioner of Corrections,33 Conn. App. 449, 451 (1994). See also Oppel v. Lopes,200 Conn. 553 (1986); State v. Wright, 198 Conn. 273,283 (1986). A sentence is legal at the time it is imposed if it is within the permissible range for the crime charged, pursuant to a relevant statute. See State v.Tuszynski, supra, 23 Conn. App. 205. "Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violated defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . ." (Citations omitted; internal quotation marks omitted.)State v. Gamble, 27 Conn. App. 1, 11, cert. denied,222 Conn. 901 (1992).
While Connecticut's General Statutes extend a variety of remedies to individuals who are presently subject to illegal sentences, no authority offers the defendant the succor he seeks now, after expiration of his sentence. Section 53a-39(b) provides an opportunity for the sentencing court or judge to review the legality of a sentence which exceeds three years in length.[3] Section 53a-39(a) affords the opportunity for sentence correction to those subject to a "definite sentence of three years or less," by application to the sentencing court or judge.[4] By their terms, however, both § 53a-39 (a) and (b) are effective only prior to termination of a defendant's sentence, as each provides for review "[a]t any time during the period of a definite sentence . . ." (Emphasis added.) As the defendant had been sentenced to a three year period of imprisonment in 1991, he was once entitled to the protections of § 53a-39 (a). However, as more than three years have passed since the date of sentencing, the applicability of that statute has expired. Accordingly, § 53a-39(a) fails to provide the defendant with a valid jurisdictional basis for his motion.[5]
The defendant also asserts that the legality of his sentence can be tested within the framework of Practice Book § 935. This section establishes that "[t]he CT Page 12436 judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." P. B. § 935. Judge Moran's imposition of a three year, suspended sentence fell well within the limits of incarceration permitted for violation of § 21a-279a, which allows seven years of imprisonment for a first felony offense, and for which a five year period of probation would be appropriate. Section 53a-32(d). Such a sentence was clearly legal. See State v. Tuszynski, supra,23 Conn. App. 205.
Here, the defendant has not set forth any inaccuracies in the basis of the information made available to the sentencing judge, nor has he claimed he was not addressed personally at the sentencing hearing[6]
or that the state failed to honor an agreed upon plea bargain. State v. Tuszynski, supra, 23 Conn. App. 205. See also State v. Gamble, supra, 27 Conn. App. 11. Under these circumstances, the defendant has failed to establish a basis for this court's jurisdiction over his motion to correct, as there has been no demonstration that the 1991 sentence was illegal within the meaning of § 935 of the Practice Book. See State v.Tuszynski, supra, 23 Conn. App. 205.
The defendant further claims that his guilty plea was entered before Judge Moran neither voluntarily nor with an understanding of the full implications of the plea, and that he lacked the effective assistance of counsel at that time. In this posture, his motion may be construed as a request for permission to withdraw the 1991 guilty plea, as it posits a number of issues contemplated by Practice Book §§ 720 and 721. While Connecticut's Rules of Criminal Procedure establish the protocol through which a defendant may withdraw a plea of guilty, this action may be elected as a matter of right only before a plea is accepted by the court, and after acceptance, only withdrawn upon "proof of one of the grounds in Sec. 721." Practice Book § 720.[7] SeeState v. Spence, 29 Conn. App. 359, 363, 614 A.2d 864
(1992). See also Turner v. Warden, State Prison, Superior Court, judicial district of Tolland at Somers, Docket No. 000216 (August 12, 1993, Sferrazza, J.) (8 CT Page12437 CSCR 917). The practice book clearly provides that "[a] defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed." Practice Book § 720. Thus, "[t]he proper procedure for raising a claim that a guilty plea was not knowingly and voluntarily made is to make that claim in the trial court in the first instance." State v. Alicea,41 Conn. App. 47, 53 n. 9 (1996), citing State v.Childree, 189 Conn. 114, 119 (1983).
The imposition of Judge Moran's sentence in 1991 terminated the defendant's ability to rescind his guilty plea. In the present case, it is clear that neither Practice Book § 720 nor § 721 confers jurisdiction on the court because the defendant is collaterally attacking his guilty plea some six years after the plea was accepted and after the sentence was imposed. Under these circumstances, neither section of the Practice Book provides a mechanism that would allow the court to properly exercise jurisdiction over the defendant's motion for correction of sentence or vacating the judgment.
Although the defendant has not specifically requested the protections available through the writs of error coram nobis and habeas corpus, a thorough review of the defendant's application requires consideration of these processes as well as his motion appears to be grounded upon these venerable principles. Neither tenet offers the defendant the remedy he seeks, by way of correcting or vacating his 1991 conviction. "A writ of error coram nobis is an ancient common law remedy which authorized vacation of a judgment within three years if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable." (Emphasis added.) State v.Grisgraber, 183 Conn. 383, 385 (1981). Therefore, even if the pending motion was accepted as a writ of error coram nobis, the court would lack subject matter jurisdiction because the defendant's motion is untimely, has been brought more than three years after the defendant's 1991 conviction.
Similarly, even if the defendant's motion was found to constitute a petition for a writ of habeas corpus, his CT Page 12438 application would fail, as well, for lack of subject matter jurisdiction.[8] In Connecticut, "[s]ubject matter jurisdiction for adjudicating habeas petitions is conferred on the Superior Court by General Statutes § 52-466,[9] which gives it the authority to hear those petitions that allege illegal confinement or deprivationof liberty." (Citations omitted: emphasis added.) Abedv. Commissioner of Correction, 43 Conn. App. 176, 179, cert. denied, 239 Conn. 937 (1996). "Habeas corpus provides a special and extraordinary legal remedy for illegal detention . . ." (Citations omitted; internal quotation marks omitted.) Vincenzo v. Warden,26 Conn. App. 132, 137 (1991). Practice Book § 529C directs the court to issue the writ unless certain prerequisites cannot be met, among them the determination that subject matter jurisdiction is lacking.[10] Thus, even when analyzing the defendant's motion as if it were a petition for a writ of habeas corpus, the court must first determine whether he has satisfied the jurisdictional requirement of General Statutes § 52-466
(a), by establishing that the defendant is subject to illegal confinement, deprivation of liberty, or illegal detention. Abed v. Commissioner of Correction, supra,43 Conn. App. 179: Vincenzo v. Warden, supra,26 Conn. App. 137; Practice Book § 529C.
Because the defendant alleges that he continues to be affected adversely by the 1991 conviction, the court has considered whether his resultant exposure to enhanced penalties for a subsequent conviction constitutes an illegal confinement or detention, or a deprivation of liberty rendering him entitled to apply for habeas corpus relief. While Connecticut's courts have not addressed this precise issue, a similar question was presented to the United States Supreme Court inMaleng v. Cook, 490 U.S. 488, 489, 109 S.Ct. 1923,104 L.Ed.2d 540 (1989). In that case, the defendant had completed serving one Washington state sentence, and was thereafter convicted and sentenced for other Washington state offenses, receiving an increased period of incarceration due to his prior conviction. While incarcerated at a federal facility for other crimes, prior to serving the subsequent state sentence, the defendant filed a pro se petition for habeas corpus relief, alleging that the first state conviction was invalid, CT Page 12439 and that it therefore afforded only an illegal basis for enhancing the sentence he had not yet started to serve. Construing 28 U.S.C. § 2241(c)(3) and § 2254(a), the federal habeas corpus provisions, the court held that a habeas petitioner does not remain "`in custody' after a conviction after the sentence imposed for it has fully expired merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted . . . While we have very liberally construed the `in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." Maleng v. Cook, supra,490 U.S. 492. The Supreme Court refused to so extend the habeas protection, recognizing that because "almost all States have habitual offender statutes . . . a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the in custody' requirement out of the statute . . ." (Citation omitted; emphasis added.) Id.[11]
Thus, under Maleng v. Cook, it is now resolved that federal habeas corpus relief is extended only to individuals who are considered to be "in custody," being physically detained or subject to such detention by the United States, based upon violation of the Constitution or federal laws. The decision further establishes that the phrase "in custody," as used above. requires "the habeas petitioner to be `in custody' under theconviction or sentence under attack at the time hispetition is, filed" before jurisdiction is imposed upon a reviewing tribunal. (Emphasis added.) Id., 489-91.Maleng v. Cook, supra, thus effectively limits federal habeas corpus jurisdiction to challenges brought by individuals subject to a current sentence or confinement: the petition cannot be used, under other circumstances, to attack a prior conviction. Id.[12]
The Connecticut Supreme Court has erected a jurisdictional threshold similar to that established byMaleng v. Cook, supra, for use when determining whether a petition for habeas corpus can be brought CT Page 12440 to attack a sentence of imprisonment that has been fully served. Whiteside v. Burlant, 153 Conn. 204, 205
(1965). In Whiteside v. Burlant, the court considered whether the plaintiff had standing to pursue a petition for habeas corpus brought in April of 1963, several years after he had served a twenty day sentence of incarceration imposed upon his conviction of criminal libel in March 1959, and after his two-year sentence of probation had expired.[13] The court discerned that "[b]y the present habeas corpus proceedings the plaintiff once again seeks to litigate issues relevant to his 1959 trial and conviction." Id., 205. Those issues were found to be "moot and academic" as they were based upon the restraint imposed over the petitioner when he was confined as the result of the libel conviction.Id., 206. The court reasoned that because the sentence issued for that offense "has now expired by its terms. The plaintiff is no longer in the custody of any person nor in any way `confined or deprived of his liberty' as those words are used in our habeas corpus statute. General Statutes § 52-466. The issues he sought to raise are now moot."[14] Id., 206-07. Accordingly, the court determined that it had no basis for entertaining the plaintiffs application, and dismissed the action.Id., 207.
The reasoning of Whiteside v. Burlant is manifestly similar to that of Maleng v. Cook, supra. Both the Connecticut and United States Supreme Courts have held that a conviction may be attacked only while the defendant is currently confined, detained, or in custody as the result of that sentence. Such an attack may be brought while the allegedly inappropriate sentence is being served, or during the course of a subsequent sentence that has been affected, in duration or nature, by the fact that the prior conviction had occurred. This court has relied upon both Whitesidev. Burlant and Maleng v. Cook when assessing the instant defendant's standing to bring a petition for habeas corpus for purposes of challenging his 1991 conviction, whose sentence has already expired. The defendant, who is not currently confined, detained, or in custody as the direct result of his 1991 sentence. cannot now come forward and utilize a petition for a writ of habeas corpus for the purpose of attacking prior CT Page 12441 conviction. This court lacks the subject matter jurisdiction to entertain the petition. See Maleng v. Cook,supra, 490 U.S. 492; Whiteside v. Burlant, supra.153 Conn. 207.
The defendant asserts that his 1991 Connecticut conviction should be vacated on the ground that he received ineffective assistance of counsel. Since the court lacks subject matter jurisdiction to hear the petitioner's motion as a petition for habeas corpus, the court further lacks jurisdiction to hear the petitioner's claim of ineffective assistance of counsel for his 1986 Connecticut conviction, the sentence for which has expired.
WHEREFORE, the court dismisses the defendant's Motion for Correction of Illegal Sentence or in the Alternative Motion to Vacate Judgment, dated April 25, 1997, as the court may not properly exercise jurisdiction over this motion.
RUBINOW, J.