[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that conviction by plea was invalid because there was not a sufficient factual basis pursuant to Practice Book Section 39-21 and also because he was denied effective assistance CT Page 3466 of counsel in that counsel has a conflict of interest by representing the petitioner and his co-defendant.
The matter arises from the petitioner's plea of guilty to the charge of possession of cocaine in violation of C.G.S. § 21a-279
(a) on August 21, 1990 in the judicial district of Hartford at Manchester before Honorable Samuel J. Sferrazza who imposed a sentence of two years, execution suspended and five years probation with special conditions. A copy of the transcript of the plea and sentencing has been appended to the petition.
The respondent has filed a motion to dismiss in that the court lacks subject matter jurisdiction because the petitioner is not in the custody of Connecticut authorities on any state charge. The parties agreed that the petitioner was not confined nor ever on parole and that the probation imposed has expired. The petition was initiated by the petitioner because the U.S. Immigration and Naturalization Service (INS) now seeks the petitioner's deportation as a resident alien on the grounds of the instant conviction.
The judgment in the petitioner's criminal trial has now expired by its terms. The petitioner is no longer in the custody of any person nor in any way "confined or deprived of his liberty" by any authority in the State of Connecticut as those words are used in our habeas corpus statute, General Statute Section 52-466. The issues he seeks to raise are now moot.Whiteside v. Burlant, 153 Conn. 204, 206-7. Even though theWhiteside decision did not consider collateral consequences such as loss of voting rights or affect credibility as a witness because the conviction of the misdemeanor did not raise such, our Supreme Court has held "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purpose of a habeas attack upon it." To allow the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized would read the "in custody" requirement out of the statute. Maleng, v. Cook, 490 U.S. 488, 492 (1989). There is good reason to adopt such rationale as the Whiteside court did for misdemeanors for felonies as the Maleng court did.
The petitioner has cited for authority some federal cases which have retained jurisdiction under its general habeas corpus powers to review aliens' challenges to the Attorney General's CT Page 3467 interpretation of law which bars legal permanent residents convicted of certain crimes from seeking discretionary waiver of deportation. Mojica v. Reno, 970 F. Sup. 130. None cited were "in custody" of state authorities nor contesting state judgments.
For the above reasons the motion to dismiss is granted.
Thomas H. Corrigan Judge Trial Referee