[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his plea made in the Alford doctrine to the offense of possession with the intent to sell marijuana, in violation of Connecticut General Statutes 21a-277 (b) before Hon. Richard A. Damiani on June 22, 1999 in the Superior Court, Judicial District of Waterbury was not constitutionally valid. He alleges that the court neglected to advise the petitioner that by pleading guilty, he waived his right to confront witnesses as required by Practice Book Section 39-19; the court neglected to find a factual basis for the plea as required by Practice Book Section 39-21; and that his trial counsel, Robin Smith and Matthew Ramia were ineffective in assisting him in that they failed to advise him on the potential immigration consequences of his plea.
The respondent moved to dismiss on the basis that the petitioner is not "in custody" for the purposes of a habeas attack upon any sentence from the instant offense. Whiteside v.Burlant, 153 Conn. 204. The parties agree that the petition was filed on the day the petitioner was released but prior to his release from said sentence, and that now the entire sentence has expired. The petitioner, in attacking the legality of his conviction, argues that a claim has been stated which survives his release from incarceration Herbert v. Manson,199 Conn. 143, 144 footnote 1; Carafas v. LaValle, 391 U.S. 234, 238. This court. agrees.
It is axiomatic that unless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable. State v. Childree,189 Conn. 114, 119. Logic would indicate such a motion should be addressed to the criminal trial court. However such an option appears to be foreclosed after sentencing. Practice Book Section39-26; State v. Luzietti, 230 Conn. 427, 430. For these reasons the court denies the motion to dismiss.
As to the merits of the claim, "In order for a plea of guilty to be constitutionally valid, the record must affirmatively disclose that the defendant entered the plea voluntarily and intelligently." Boykin v. Alabama, 395 U.S. 238, CT Page 5416 242. There are three constitutional rights which must be waived by a plea of guilty: (1) the privilege against compulsory self-incrimination; (2) the right to trial by jury; and (3) the right to confront one's accusers. Id. 243. The petitioner does not contest that the court adequately addressed him as to his privilege against self-incrimination or his right to trial by jury which he was waiving. As to waiving his right to confront one's accusers the transcript of his plea, Petitioner's Exhibit1, reveals that the court inquired "But you admit the state has sufficient evidence to convict you and if convicted, you could have got a more severe penalty. Do you understand that?" To which he replied "Yes. Your Honor." Literal compliance with the Practice Book is not required. State v. Badgett, 200 Conn. 412,418.
The petitioner claims that the court failed to find a factual basis for the plea as required by Practice Book Section39-21. Although no factual basis is required in a plea of nolo contendere, State v. Godek, 182 Conn. 353, 364, the court established an admission by the petitioner that the state had sufficient evidence to convict him. See Petitioner's Exhibit 1.
Finally the petitioner claims that counsel failed to advise him of the potential immigration consequences of his plea. Smith testified that the petitioner was on parole on a felony conviction of possession of marijuana with intent to sell out of Pennsylvania which had a detainer on him in Connecticut. Because of it she did not think he had immigration problems and he never mentioned it. His arrest in Connecticut was for the possession of twenty-one (21) bags of marijuana and the state had a strong case and her concern was about penalty. Ramia, because of Smith's unavailability, represented him on the plea and sentencing. He said that the petitioner asked him, as they were going into court for plea, if he would be deported by virtue of the plea. He told him that the guilty plea could result in his deportation. The final offer of the state was one year to serve and he had told Smith to take it off the trial list because he would accept that offer. Neither Smith nor Ramia received any sign of displeasure or complaint concerning their representation. The first contact since the disposition of his matter was by the issuance of this habeas corpus petition. The petitioner did not produce evidence by way of statutes or regulations that the INS automatically deports every alien convicted of possession of marijuana with the intent of sale. Judge Damiani, during his canvas, inquired of the petitioner "If you're not an American citizen, conviction here can lead to you being deported, denied CT Page 5417 naturalization or being excluded from the United States of America. Do you understand that? Yes? "Hmm?" "What I just said, do you understand?" To which the petitioner replied "yes, your Honor, I do." Petitioner's Exhibit 1.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Comas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to prove that counsel's representation was deficient nor has he proved that the result would be different.
For the above reasons the petition is denied.
___________________ Thomas H. Corrigan Judge Trial Referee