[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #105 MOTION TO DISMISS
In the first count of the complaint, the plaintiff in the instant action alleges that on August 9, 2000 he was operating a 1988 Acura automobile registered to Magnum Motors of New London, Connecticut northbound in the vicinity of the Connecticut Valley Hospital.[1] At that place and time the defendant Charles Clark was driving a 1994 Dodge Van, registered in the name of Diane Clark a distance ahead in the passing lane. The plaintiff further alleges that the defendant's vehicle struck the plaintiffs vehicle causing the plaintiff to lose control and crash, thereby causing the plaintiffs the damages complained of in this action.
The second count of the complaint incorporates the first count and alleges that the defendants, Charles Clark and Diane Clark were acting in a reckless manner at the time of the accident in question.
The third count of the complaint incorporates a portion of the first count and is directed to the defendant National Casualty Company, the insurer of the Magnum Motors vehicle. This Count concerns an uninsured/underinsured motorist claim regarding the accident that is alleged in the first count of the Complaint. The plaintiff alleges that upon his information and belief, the Clark vehicle was covered with an insurance policy with liability limits substantially less than the coverage available under the policy of the Magnum Motors' vehicle.
On November 12, 2002, the defendant National Casualty moved to dismiss the third count of the complaint for lack of subject matter jurisdiction, asserting that said cause of action is premature.
Whereas the defendant National Casualty has moved to dismiss the third count for lack of subject matter jurisdiction a brief discussion of the standard for such a dismissal is called for.
CT Page 390 "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a). "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
 Brennan v. Town of Fairfield, 58 Conn. App. 191, 194
(2000).
The defendant, National Casualty asserts in its Motion to Dismiss that the third count of the complaint is not justiciable for reason that:
 "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute: Courts exist for determination of actual and existing controversies, and under the law of this state the courts may not be used as a vehicle to obtain judicial opinions on points of law. Harkins v. Driscoll, 165 Conn. 407, 409, 334 A.2d 901 (1973) . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. (Citations omitted.) State v. Nardini, 187 Conn. 109, 111-12, 445 A.2d 304 (1982)."
(Emphasis added)
American Premier U/W, Inc. v. N. RR. Pass. Corp., 47 Conn. App. 384, 388
(1997).
 "In the absence of a justiciable controversy, the courts have no jurisdiction." Kleinman v. Marshall, 192 Conn. 479, 484, 472 A.2d 772 (1984). CT Page 391
Sosin v. Scinto, 57 Conn. App. 581, 586 (2000).
Because ripeness and justiciability implicate the Court's subject matter jurisdiction, this issue must be resolved before the Court may continue.
 It is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it. Therefore, the court must determine the jurisdictional issue "before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction."
 Pinchbeck v. Dept. of Public Health, 65 Conn. App. 201,208 (2001).
The plaintiff does not allege in its complaint that he has exhausted the policy limits of the defendant Diane Clark's insurance policy. Courts are bound by the allegations made within the four corners of a Plaintiffs Complaint:
 Because we are bound by the four corners of the plaintiffs complaint, we must examine the specific language to determine the particular causes of action alleged.
Sampiere v. Zaretsky, 26 Conn. App. 490, 494 (1992).
 It is a common rule of pleading that "[t]he allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties." (internal citations omitted)
New Haven v. Mason, 17 Conn. App. 92, 94 (1988).
Furthermore, the plaintiff does not provide any affidavits or any other documentary evidence to support a finding that the subject policy or policies related to the Clark vehicle have been exhausted. Instead, the plaintiff takes the position in his "Memorandum in Opposition to the Motion to Strike", that "there is no authority, statutory, contractual, or judicial, which requires" the Clarks to be liable for an amount that exceeds their policy limits before an action may be filed against the defendant National Casualty. (See page one of plaintiffs Memorandum in Opposition to Motion to Strike.)[2]
CT Page 392
Section 38a-336 of the Connecticut General Statutes concerns uninsured and underinsured motorist. Subsection 38a-336 provides in pertiment part that:
 (b) An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage.
(emphasis added)
The language of the statute is clear and unambiguous concerning the exhaustion of the policy by "payment or judgments or settlements" before the insurance company must pay pursuant to an uninsured and underinsured motorist provision.
 "When the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. State v. White, 204 Conn. 410, 421, 528 A.2d 811 (1987); Belotiv. Progressive Casualty Ins. Co., 203 Conn. 45, 54-55, 523 A.2d 477 (1987); State v. Blasko, 202 Conn. 541, 553, 522 A.2d 753 (1987)." American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 193, 530 A.2d 171
(1987)
 Continental Insurance Co. v. Cebe-Habersky. 214 Conn. 209, 213 (1990).
The plaintiff in the instant action has not exhausted the limits of the defendants, Diane Clark's and Charles Clark's policies therefore the issue of payment pursuant to the uninsured/underinsured motorist provision is not ripe or justiciable at this time. The motion to dismiss for lack of subject matter jurisdiction is therefore granted.
___________________ CT Page 393 Richard A. Robinson, J. January 8, 2003